UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

JOANN KNIGA,

    Plaintiff,

v.    Case No: 8:23-cv-1045-KKM-MRM

DEPARTMENT OF HEALTH,
FLORIDA AGENCY FOR HEALTHCARE ADMINISTRATION,

    Defendants.
_____

## ORDER

On May 12, 2023, Joann Kniga, proceeding pro se, filed a complaint detailing allegations of violations of her Constitutional rights and employment discrimination and requesting an "emergency hearing." *See* Emergency Compl. (Doc. 1). The Court denied Kniga's request for an emergency hearing because she failed to move for emergency relief as required by Local Rule 3.01(e) and struck her complaint as an impermissible shotgun pleading. *See* Order (Doc. 2). On May 30, 2023, Kniga filed an amended complaint (Doc. 6), a motion for an emergency hearing (Doc. 5), and a motion for accommodations (Doc. 4). On May 31, 2023, Kniga filed another emergency motion, this time "to extend time for service and investigate tampered mail and theft of check." Emergency Mot. (Doc. 3) at 1. Because she again fails to move for emergency relief as required by Local Rule 3.01(e), the

Court denies her motion. Additionally, because her amended complaint is an impermissible shotgun pleading, the Court strikes it and denies Kniga's remaining motions without prejudice as moot. Kniga may file another amended complaint by June 22, 2023.

First, regarding Kniga's amended complaint. Federal Rule of Civil Procedure 8(a) requires that a pleading contain (1) "a short and plain statement of the grounds for the court's jurisdiction," (2) "a short and plain statement of the claim showing that the pleader is entitled to relief," and (3) "a demand for relief sought." Federal Rule of Civil Procedure 10(b) requires that a party "state its claims or defenses in numbered paragraphs, each limited as far as practicable to a single set of circumstances." The rule further requires that each claim founded on a separate transaction or occurrence "must be stated in a separate count or defense" when doing so would promote clarity. Fed. R. Civ. P. 10(b). The Eleventh Circuit further requires that a complaint "give the defendants adequate notice of the claims against them and the grounds upon which each claim rests." *Weiland v. Palm Beach Cnty. Sheriff's Off.*, 792 F.3d 1313, 1323 (11th Cir. 2015).

Although Kniga's amended complaint contains separated counts, it is still a shotgun pleading in multiple respects. Specifically, it does not contain a statement regarding the grounds for the court's jurisdiction, and counts two through eleven fail to specify what statute or Constitutional provision Kniga alleges Defendants violated. *See* Am. Compl. (Doc. 6). Each count alleges that Kniga made a report to the Florida Agency for Health

2

Care Administration and/or the Florida Nursing Board about concerns she had about treatment of residents at nursing care facilities where she worked. *See, e.g., id.* at 9. Kniga includes detailed allegations including specific instances of patients she alleges were denied medications. *Id.* However, Kniga fails to cite a statute or constitutional provision that was violated based on these events and fails to explain which Defendant is responsible for each alleged violation.

Although count one comes closer to stating a cause of action by alleging that the Florida Board of Nursing "retaliated" against her, Kniga again fails to specify a statute or constitutional provision that would provide her relief. *Id.* at 8. Although Kniga alleges in later paragraphs that Defendants violated her First, Fourth, Eighth, and Fourteenth Amendment rights, she does not specify which defendant is responsible for each alleged violation or which set of facts corresponds to which cause of action. *Id.* at 21–22. This pleading fails to give Defendants fair notice of the claims against them. Because her amended complaint fails to meet the pleading standards, the Court must strike it. *See Jackson v. Bank of Am., N.A.*, 898 F.3d 1348, 1357 (11th Cir. 2018). Kniga may file a second amended complaint that complies with the Court's orders and orders and Federal Rules of Civil Procedure 8(a)(2) and 10(b).

Because the Court strikes her amended complaint as a shotgun pleading, her request for an emergency hearing and accommodations are moot. Her motion for an emergency

3

hearing also fails to comply with Local Rule 3.01(e), which requires parties that seek emergency relief to include an introductory paragraph that explains the nature of the exigency and states the day by which a ruling is requested. Kniga's motion for accommodations is denied as moot because there is no scheduled hearing in her case. Kniga is encouraged to consult the Middle District of Florida's website and its "Litigants without Lawyers" section for questions about proceeding with her case. *See* https://www.flmd.uscourts.gov/litigants-without-lawyers.

Accordingly, the following is **ORDERED**:

1. Plaintiff's Amended Complaint (Doc. 6) is **STRICKEN**.

2. Plaintiff's Emergency Motion (Doc. 3) is **DENIED without prejudice**.

3. Plaintiff's Motion for an Emergency Hearing (Doc. 5) is **DENIED without prejudice**.

4. Plaintiff's Motion for Accommodations (Doc. 4) is **DENIED without prejudice**.

5. By **June 22, 2023**, Plaintiff may file an amended complaint consistent with the directives of this Court's orders and in compliance with Federal Rules of Civil Procedure 8(a)(2) and 10(b). Failure to file an amended complaint by this deadline will result in the dismissal of this action without further notice.

**ORDERED** in Tampa, Florida, on June 2, 2023.

Kathryn Kimball Mizelle
United States District Judge