## UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
## TAMPA DIVISION

JOANN KNIGA,

     Plaintiff,

v.                           Case No: 8:23-cv-1045-KKM-MRM

DEPARTMENT OF HEALTH,
FLORIDA AGENCY FOR HEALTHCARE ADMINISTRATION,

     Defendants.

_____

## ORDER

On May 11, 2023, Joann Kniga, proceeding pro se, filed a Complaint detailing allegations of employment discrimination and violations of her constitutional rights and requesting an "emergency hearing." *See* Emergency Compl. (Doc. 1) at 13. The Court denied Kniga's request for an emergency hearing because she failed to move for emergency relief as required by Local Rule 3.01(e) and struck the Complaint as an impermissible shotgun pleading. *See* First Strike Order (Doc. 2). On May 30, 2023, Kniga filed an Amended Complaint, (Doc. 6), a motion for an emergency hearing, (Doc. 5), and a motion for accommodations, (Doc. 4). On May 31, 2023, Kniga filed another emergency motion, this time "to extend time for service and investigate tampered mail and theft of check." *See* Emergency Mot. (Doc. 3) at 1. Because Kniga's Amended Complaint was also a shotgun

pleading, the Court struck it too, denied her motions as moot, and granted leave to "file an amended complaint consistent with the directives of this Court's orders and in compliance with Federal Rules of Civil Procedure 8(a)(2) and 10(b)." *See* Second Strike Order (Doc. 9) at 4. On June 22, 2023, Kniga filed a Second Amended Complaint, (Doc. 10), and renewed her motion for accommodation, (Doc. 11). Because the Second Amended Complaint does not remedy the deficiencies identified in the Court's previous orders and does not comply with the Federal Rules of Civil Procedure or the Local Rules, the Court once again strikes it. The Court also denies Kniga's renewed motion for accommodation as moot because there is no scheduled hearing in her case.

To start, the Second Amended Complaint—like the earlier versions—constitutes an impermissible shotgun pleading. *Weiland v. Palm Beach Cnty. Sheriff's Off.*, 792 F.3d 1313, 1320 (11th Cir. 2015). Federal Rule of Civil Procedure 8(a)(2) requires that a complaint include "a short and plain statement of the claim showing that the pleader is entitled to relief." Rule 10(b) provides that "[a] party must state its claims or defenses in numbered paragraphs, each limited as far as practicable to a single set of circumstances." And "[i]f doing so would promote clarity, each claim founded on a separate transaction or occurrence . . . must be stated in a separate count." Fed. R. Civ. P. 10(b). "Complaints that violate either Rule 8(a)(2) or Rule 10(b), or both, are often disparagingly referred to as 'shotgun pleadings.' " *Weiland*, 792 F.3d at 1320. The Eleventh Circuit has explained that

2

such complaints are "altogether unacceptable" because they "exact an intolerable toll on the trial court's docket." *Cramer v. State of Fla.*, 117 F.3d 1258, 1263 (11th Cir. 1997). And although pro se pleadings are to be construed liberally and held to a less stringent standard than those drafted by attorneys, the Court has "little tolerance for shotgun pleadings." *Vibe Micro, Inc. v. Shabanets*, 878 F.3d 1291, 1295 (11th Cir. 2018) (explaining that a district court has the inherent authority to dismiss a complaint as a shotgun pleading but that the Court must "sua sponte allow a litigant one chance to remedy such deficiencies"); *see also Moon v. Newsome*, 863 F.2d 835, 837 (11th Cir. 1989) ("[O]nce a pro se . . . litigant is in court, [s]he is subject to the relevant law and rules of court, including the Federal Rules of Civil Procedure.").

The Eleventh Circuit has recognized four basic types of shotgun pleadings: (1) a complaint that contains multiple counts where each count adopts the allegations of all preceding counts; (2) a complaint that is replete with conclusory, vague, and immaterial facts not obviously connected to any particular cause of action; (3) a complaint that fails to separate into different counts each cause of action or claim for relief; and (4) a complaint that asserts multiple claims against multiple defendants without specifying which of the defendants are responsible for which acts or omissions or which of the defendants the claim is brought against. *Weiland*, 792 F.3d at 1321–23. But "[t]he unifying characteristic of all types of shotgun pleadings is that they fail to one degree or another, and in one way or

another, to give the defendants adequate notice of the claims against them and the grounds upon which each claim rests." *Id.* at 1323.

Although Kniga's Second Amended Complaint attempts to address the problems identified by the Court's earlier orders, it remains a prototypical shotgun pleading. To begin with, although the Second Amended Complaint contains separated counts, it still fails to comply with Rule 10(b)'s requirement that plaintiffs "state [their] claims or defenses in numbered paragraphs, each limited as far as practicable to a single set of circumstances." It also lacks the "short and plain statement of the grounds for the court's jurisdiction" required by Rule 8(a)(1). And although the Second Amended Complaint includes new references to federal statutes, those citations do not make the nature or factual basis of Kniga's claims any clearer. For example, the Second Amended Complaint alleges that Defendants violated various federal criminal statutes without explaining how those allegations, if true, would support a claim under either 42 U.S.C. § 1983 or 42 U.S.C. § 1985. *See, e.g.*, Second Amend. Compl. at 7. Kniga also appears to press a generalized Eighth Amendment claim, *Id.* at 3–5, 11–12, despite not referencing that provision of the Constitution in any separately labeled count. All told, the Second Amended Complaint is so "replete with conclusory, vague, and immaterial facts not obviously connected to any particular cause of action," *Weiland*, 792 F.3d at 1322, that it fails to give Defendants

"adequate notice of the claims against them and the grounds upon which each claim rests," *id.* at 1323.

In addition to being an impermissible shotgun pleading, Kniga's Second Amended Complaint fails to comply with the Local Rules. But pro se parties are not exempt from compliance with relevant laws and Local Rules. *See Moon*, 863 F.2d at 837. The Second Amended Complaint violates Local Rule 1.08's strictures concerning spacing, page numbering, and margins for pleadings. Kniga should review these formatting requirements before filing future pleadings and motions.

Kniga is again encouraged to consult the Middle District of Florida's website and its "Litigants without Lawyers" section for questions about proceeding with her case. *See* https://www.flmd.uscourts.gov/litigants-without-lawyers.

Accordingly, the following is **ORDERED**:

1. Plaintiff's Second Amended Complaint (Doc. 10) is **STRICKEN**.

2. Plaintiff's Renewed Motion for Accommodations (Doc. 11) is **DENIED without prejudice**.

3. By **July 17, 2023**, Plaintiff may file an amended complaint consistent with the directives of this Court's orders and in compliance with Federal Rules of Civil Procedure 8(a)(2) and 10(b) and the Local Rules. Failure to file an amended complaint by this deadline will result in the dismissal of this action without

further notice. This is Kniga's final opportunity to amend her complaint to remedy the above specified deficiencies before the Court dismisses this action.

**ORDERED** in Tampa, Florida, on June 26, 2023.

Kathryn Kimball Mizelle
United States District Judge