UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

JOANN KNIGA,

    Plaintiff,

v.                                        Case No: 8:23-cv-1045-KKM-UAM

DEPARTMENT OF HEALTH,
FLORIDA AGENCY FOR HEALTHCARE ADMINISTRATION,

    Defendants.
_____

## ORDER

On May 11, 2023, Joann Kniga, proceeding pro se, filed a Complaint detailing allegations of employment discrimination and violations of her constitutional rights and requesting an "emergency hearing." *See* Emergency Compl. (Doc. 1) at 13. I denied the request for an emergency hearing because Kniga failed to move for emergency relief as required by Local Rule 3.01(e), and I struck the Complaint as an impermissible shotgun pleading. *See* Strike Order (Doc. 2).

Kniga filed an amended complaint that was also a shotgun pleading. *See* Am. Compl. (Doc. 6). I struck it and again granted leave to amend. 2d Strike Order (Doc. 9). The same series of events played out with the Second Amended Complaint. *See* 2d Am. Compl. (Doc. 10); 3d Strike Order (Doc. 12). I then granted Kniga a third chance to file

a complaint that complied with the Federal Rules of Civil Procedure, while emphasizing that this would be "Kniga's final opportunity to . . . remedy the above specified deficiencies before the Court dismisses this action." 3d Strike Order at 6. Kniga has now filed a Third Amended Complaint. *See* 3d Am. Compl. (Doc. 18). Because it, too, is a shotgun pleading, this action is dismissed with prejudice.

The Third Amended Complaint—like each of Kniga's pleadings to date—constitutes an impermissible shotgun pleading. *Weiland v. Palm Beach Cnty. Sheriff's Off.*, 792 F.3d 1313, 1320 (11th Cir. 2015). Federal Rule of Civil Procedure 8(a)(2) requires that a complaint include "a short and plain statement of the claim showing that the pleader is entitled to relief." Rule 10(b) provides that "[a] party must state its claims or defenses in numbered paragraphs, each limited as far as practicable to a single set of circumstances." FED. R. CIV. P. And "[i]f doing so would promote clarity, each claim founded on a separate transaction or occurrence . . . must be stated in a separate count." *Id.* "Complaints that violate either Rule 8(a)(2) or Rule 10(b), or both, are often disparagingly referred to as 'shotgun pleadings.' " *Weiland*, 792 F.3d at 1320. The Eleventh Circuit has explained that such complaints are "altogether unacceptable" because they "exact an intolerable toll on the trial court's docket." *Cramer v. State of Fla.*, 117 F.3d 1258, 1263 (11th Cir. 1997). And although pro se pleadings are to be construed liberally and held to a less stringent standard than those drafted by attorneys, the Court has "little tolerance for

2

shotgun pleadings." *Vibe Micro, Inc. v. Shabanets*, 878 F.3d 1291, 1295 (11th Cir. 2018) (explaining that a district court has the inherent authority to dismiss a complaint as a shotgun pleading but that the Court must "sua sponte allow a litigant one chance to remedy such deficiencies"); *see also Moon v. Newsome*, 863 F.2d 835, 837 (11th Cir. 1989) ("[O]nce a pro se . . . litigant is in court, [s]he is subject to the relevant law and rules of court, including the Federal Rules of Civil Procedure.").

The Eleventh Circuit has recognized four basic types of shotgun pleadings: (1) a complaint that contains multiple counts where each count adopts the allegations of all preceding counts; (2) a complaint that is replete with conclusory, vague, and immaterial facts not obviously connected to any particular cause of action; (3) a complaint that fails to separate into different counts each cause of action or claim for relief; and (4) a complaint that asserts multiple claims against multiple defendants without specifying which of the defendants are responsible for which acts or omissions or which of the defendants the claim is brought against. *Weiland*, 792 F.3d at 1321–23. But "[t]he unifying characteristic of all types of shotgun pleadings is that they fail to one degree or another, and in one way or another, to give the defendants adequate notice of the claims against them and the grounds upon which each claim rests." *Id.* at 1323.

Although the Third Amended Complaint attempts to address the problems identified by earlier orders, it remains a prototypical shotgun pleading. Most notably,

3

despite scattered instances of numbered paragraphs at several points throughout, Kniga still fails to "state [her] claims or defenses in numbered paragraphs, each limited as far as practicable to a single set of circumstances." Fed. R. Civ. P. 10(b). The Third Amended Complaint is also not "a short and plain statement of the claim showing that [Kniga] is entitled to relief." *Id.* 8(a)(2). For example, Kniga devotes several pages to an alleged criminal conspiracy under 18 U.S.C. § 242. *See* 3d Am. Compl. at 1–3, 9. But she never explains how such a conspiracy, if true, would result in a civil claim against either named Defendant, both of which are state governmental entities. Kniga's invocation of § 448.102, FLA. STAT., does not resolve this problem. That statute applies only to "employers," and Kniga has never alleged that she was employed by the Florida Department of Health or the Board of Nursing. *See* 3d Am. Compl. at 5–8 (detailing Kniga's employment at several different healthcare facilities). All told, the Third Amended Complaint remains so "replete with conclusory, vague, and immaterial facts not obviously connected to any particular cause of action," *Weiland*, 792 F.3d at 1322, that it fails to give Defendants "adequate notice of the claims against them and the grounds upon which each claim rests," *id.* at 1323.

On top of being an impermissible shotgun pleading, the Third Amended Complaint fails to comply with the Local Rules. As I have explained before to Kniga (who is on notice now when drafting this fourth complaint), "pro se parties are not exempt from

compliance with relevant laws and Local Rules." *See* 3d Strike Order at 5; *Moon*, 863 F.2d at 837. Kniga's Third Amended Complaint again violates Local Rule 1.08's strictures concerning spacing, page numbering, and margins for pleadings.

Accordingly, the following is **ORDERED**:

1. Plaintiff's Third Amended Complaint (Doc. 18) is **DISMISSED**.

2. The Clerk is directed to **ENTER JUDGMENT**, which shall read "This case is dismissed with prejudice," and to **CLOSE** this case.

**ORDERED** in Tampa, Florida, on September 18, 2023.

*[signature]*
Kathryn Kimball Mizelle
United States District Judge